Filed 6/5/13  In re E.M. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re E.M., a Person Coming Under the Juvenile Court Law. | A136811 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>E.M. ,<br><br>        Defendant and Appellant. | (Napa County<br>Super. Ct. No. JV17156) |
| In re E.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>E.M. ,<br><br>        Defendant and Appellant. | (Solano County<br> Super. Ct. No. J41398) |

Minor E.M. appeals from final dispositional orders requiring him to register as a gang member.  The orders were issued by the Napa County Juvenile Court on September 26, 2012, and by the Solano County Juvenile Court on October 3, 2012.  Appellant has filed a timely appeal.  As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note counsel for appellant has filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436) raising no arguable issues, counsel apprised appellant of

his right to file a supplemental brief, and appellant did not file such a brief.  Upon review of the record for potential error, we conclude no arguable issues are presented for review and affirm the judgment.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 5, 2010, a witness observed two Hispanic males breaking the windows of a Honda Passport and a Lincoln LS.  One used a tire iron to break the windows of the Honda.  Approximately two hours later, an officer stopped a vehicle matching the witness's description of the car seen in the area at the time of the vandalism.  Appellant was in the car along with three other individuals.  Police located a metal pipe in the vehicle and a tire iron in the trunk.  O.M., an occupant of the vehicle, stated they had been driving when unknown individuals yelled, "Southside."  In response, O.M. exited the vehicle, grabbed a pipe, and smashed out a window.  He stated appellant broke the other window.

The Napa County District Attorney filed a petition pursuant to Welfare and Institutions Code section 602, subdivision (a), on August 9, 2010, alleging two counts of felony vandalism for the benefit of or in association with a criminal street gang (Pen. Code,[1] §§ 186.22, subd. (b)(1)(A) & 594, subd. (b)(1)), possession of a deadly weapon (billy) for the benefit of or in association with a criminal street gang (§§ 12020, subd. (a) & 186.22, subd. (b)(1)(A)), and street terrorism (§ 186.22, subd. (a)).

On August 25, 2010, appellant admitted all charges and gang enhancements.  The juvenile court placed him on a 12- to 36-month term of probation without wardship pursuant to Welfare and Institutions Code section 790, deferred entry of judgment.  The court imposed various terms and conditions.  At the time of appellant's admissions, the court informed him twice he was required to register as a gang member.

Appellant again appeared before the Napa County Juvenile Court on November 24, 2010, where based on his admissions, the court found appellant had violated the terms of the deferred entry of judgment by failing to maintain passing grades,

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

failing to attend school, associating with known gang members, and possessing items with gang significance. The court declared appellant to be a ward of the court and placed him on probation, but did not order mandatory gang registration at the hearing.

A second wardship petition was filed in Napa County on May 10, 2011, alleging appellant committed two misdemeanors, tattooing a minor (§ 653) and cruelty by inflicting injury on a child (§ 273a, subd. (b)). It was further alleged appellant violated his probation terms by associating with known gang members and testing positive for marijuana.

Appellant admitted the charge of tattooing a minor and the probation violation. The court continued appellant as a ward of the court, adopting terms and conditions of probation with a number of modifications. Gang registration was not ordered at that hearing.

On March 27, 2012, appellant's case was transferred from Napa County to Solano County for delinquency supervision because his father resided in Solano County. The Solano County Juvenile Court accepted the transfer of jurisdiction.

The Solano County District Attorney asked the court to impose a probation condition ordering appellant to register as a gang member pursuant to section 186.30, based on the admitted and sustained offenses from the original petition filed on August 9, 2010. The parties subsequently submitted memoranda. Appellant's counsel argued that when appellant admitted violating section 186.22, subdivision (a), there was no evidence the Napa court told him he would be required to register as a gang member if his deferred entry of judgment status was later revoked.

Before the Solano County Juvenile Court had an opportunity to determine whether appellant was required to register, on June 11, 2012, the Napa County District Attorney filed a new petition alleging that on June 7, 2012, appellant committed a misdemeanor, resisting a police officer (§ 148, subd. (a)(1)). After appellant admitted the charge, the case was transferred back to Solano County for disposition.

3

On July 3, 2012, the Solano County Juvenile Court held a dispositional hearing and continued appellant as a ward of the court on probation. It did not order mandatory gang registration.

It was not until August 2, 2012 that the Solano court focused on the gang registration issue. Appellant's case was transferred back to Napa County Juvenile Court to determine if appellant could withdraw his admission to the charges in the original wardship petition for the failure of the court to advise him of the mandatory gang registration requirements.

On September 26, 2012, the Napa County Juvenile Court determined appellant was required to register as a gang member and imposed that condition nunc pro tunc back to August 25, 2010, the date on which appellant admitted the charges and was placed on deferred entry of judgment. The case was then transferred back to Solano County.

On October 3, 2012, the Solano County Juvenile Court accepted the transfer of jurisdiction. Appellant was ordered to register as a gang member.

## DISCUSSION

Appellant was represented by able counsel throughout the proceedings.

The Napa County Juvenile Court correctly determined appellant was required to register as a criminal street gang member under the mandatory language of section 186.30, and hence, appropriately imposed the registration condition nunc pro tunc back to August 25, 2010, when it was originally imposed. Moreover, appellant was on prior notice of the registration requirement when the juvenile court informed him twice on August 25th that he would be required to register as a gang member for up to five years. Appellant, nonetheless, failed to register.

In all of his matters, appellant freely and voluntarily admitted the charges, enhancements, and the probation violation.

There was no dispositional error.

The court has reviewed the entire record and finds no arguable issues requiring further briefing.

4

Accordingly, the judgment is affirmed.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.